IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kesha Grant, | ) | Case No. 1:20-cv-04311-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 25, 2021, the Magistrate Judge issued a Report recommending that the Petition be denied as untimely. ECF No. 11. Petitioner filed objections to the Report. ECF No. 13.

## APPLICABLE LAW

*Standard of Review*

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that her petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414

3

(2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 650.

## DISCUSSION

The Magistrate Judge found that Petitioner failed to file her Petition within the one-year limitations period; accordingly, she determined that the Petition is time-barred. She notes in the Report that Petitioner is not entitled to equitable tolling because she failed to demonstrate that some extraordinary circumstance prevented her from timely filing her federal habeas Petition or that she was sufficiently diligent in pursuing her rights.

4

Petitioner does not directly dispute that her Petition is untimely. Instead, she asserts that she is entitled to equitable tolling and that she is actually innocent. ECF No. 13. The Court will address each argument in turn.

***Equitable Tolling***

A petition filed pursuant to 28 U.S.C. § 2254 can be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648–49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that she fulfills both elements of the test. *Yang v. Archuleta*, 525 F. 3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F. 3d 1304, 1307 (11th Cir. 2008)).

Here, Petitioner has not submitted any facts demonstrating that she has been diligently pursuing her rights or that extraordinary circumstances prevented her from timely filing her habeas petition. To the extent she intends to argue that she is entitled to equitable tolling because she lacks knowledge of the law, courts have found that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Accordingly, Petitioner's objections are overruled.

5

***Actual Innocence***

A habeas petitioner's actual innocence is a valid, though rarely established, basis for excusing the untimeliness of his filing. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The key to an actual-innocence claim is the submission of "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Hayes v. Carver*, 922 F. 3d 212, 216 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To come under this exception to the statute of limitations, the petitioner must show that, "in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt." *Id*. at 217 (citing *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019)); *see also McQuiggin*, 569 U.S. at 401 (stressing this standard "is demanding").

Petitioner has not identified any new evidence in support of her innocence. Thus, to the extent she is asserting her innocence as a way around the statute of limitations, she has not proved that avenue is open to her. To the extent Petitioner intends to assert that her entrapment argument should be considered newly discovered because she recently learned of it, that argument fails. "Discovering new legal theories through research does not qualify as new evidence as required by the actual innocence exception." *Barnett v. Quintana*,[1] C/A No. 5:18-cv-00279, 2018 WL 7078579, at *12

---

[1] The Court notes that the cited case rules on a petition brought pursuant to 28 U.S.C. § 2241; however, that court applied the same test articulated here.

(S.D.W. Va. Dec. 18, 2018), *adopted by,* 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019) (citing *Berrios v. United States*, No. 1:07-cr-81, 2017 WL 3880659, at *3 (E.D. Va. Sept. 5, 2017) (rejecting actual innocence claim where the petitioner argued he had only recently learned of the legal arguments that supported his claim). Accordingly, Petitioner's objections are overruled.[2]

## CONCLUSION

Therefore, upon de novo review of the record and applicable law, the Court adopts the Magistrate Judge's Report and Recommendation [11]. The Petition is **DISMISSED** without prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[2] The Court notes that the fact that Petitioner pleaded guilty in state court does not foreclose her ability to argue she is actually innocent. See Smith v. Warden, No. 7:17CV00072, 2018 WL 3130948, at *2 (W.D. Va. June 26, 2018) ("Pleading guilty does not entirely preclude a petitioner from claiming actual innocence at habeas proceedings; however, guilty pleas and partial confessions 'seriously undermine' the claim." (quoting Clark v. Clarke, No. 7:14CV00042, 2017 WL 819500, at *4 (W.D. Va. Mar. 1, 2017))).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

                                            s/ Donald C. Coggins, Jr.
                                            United States District Judge

March 26, 2021
Spartanburg, South Carolina