IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kesha Grant, | ) | Case No. 1:20-cv-04311-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion for Reconsideration of the Order entered March 26, 2021, and for Recusal.[1] ECF No. 19. In its prior Order, the Court adopted the Report and Recommendation of the Magistrate Judge, dismissed the Petition without prejudice, and denied a certificate of appealability. ECF No. 15. For the reasons stated below, the Court denies Petitioner's Motion for Reconsideration and for Recusal.[2]

---

[1] A duplicate copy of the Motion was filed at Docket Entry Number 18. It appears the only difference between the two documents is that one was signed by Petitioner and one was not. The Court will refer to the document signed by Petitioner and the other document is moot.

[2] The Report and Recommendation issued by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) contains a thorough recitation of the relevant factual and procedural background of this matter, which is incorporated herein by reference. *See* ECF No. 11.

## **APPLICABLE LAW AND ANALYSIS**

***Rule 59(e)*[3]**

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

***Rule 60(b)***

Under Rule 60(b), a court may grant relief from an adverse final judgment if the party shows: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered

---

[3] Petitioner has not identified under which Federal Rule of Civil Procedure she is seeking reconsideration. Therefore, out of an abundance of cation for a pro se Petitioner, the Court will consider her claim pursuant to Rules 59(e) and 60(b).

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgement is void; (5) the judgement has been satisfied, released or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fir Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

***Motion for Reconsideration***

Petitioner brought this action pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court dismissed the Petition because it was untimely. ECF No. 15. In her Motion for Reconsideration, Petitioner argues that the Court misunderstood the applicable law. She asserts that she may introduce new evidence in support of her claim because it was not within her power to produce before due to counsel's[4] ineffectiveness. Therefore, she is entitled to equitable tolling. ECF No. 19.

As explained in the Report and Recommendation and the Court's prior Order, Petitioner's conviction became final on February 29, 2016. This action was not filed until December 9, 2020, well beyond the one-year statute of limitations applicable to habeas petitions. A petition filed pursuant to 28 U.S.C. § 2254 can be equitably tolled "only if [the

---

[4] Petitioner does not specifically identify which counsel she is referring to. Upon consideration of the motion in its entirety, it appears she is referring to trial counsel. Regardless, the Court's reasoning would be unchanged if she were referring to any other counsel she may have had related to the underlying state action.

3

petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648–49 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that she fulfills both elements of the test.  *Yang v. Archuleta*, 525 F. 3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F. 3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not alleged any facts demonstrating that she has been diligently pursuing her rights or that extraordinary circumstances prevented her from timely filing her habeas petition.  To the extent she argues she was prevented from learning of her purported new evidence because of ineffective assistance of counsel, she has not explained how any action of counsel stopped her from learning these facts for almost eight years after her guilty plea.  As explained in the Court's prior Order, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted); *see also Atkeison v. Clarke*, No. 1:19-cv-1480 (LMB/MSN), 2020 WL 4910294, at *6 (E.D. Va. Aug. 19, 2020) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ." (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)).[5]  Accordingly,

---

[5] To the extent Petitioner contends that the purported newly discovered evidence supports her claim that she is actually innocent, the Court has addressed this argument in its prior Order and incorporates that portion of the Order by reference.  *See* ECF No. 15 at 6–7.

Petitioner has failed to demonstrate that she is entitled to relief pursuant to Federal Rules of Civil Procedure 59(e) or 60(b).

## *Motion for Recusal*

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[6] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

Plaintiff alleges that the undersigned should recuse himself because he "is ignorant of the [applicable] Federal law." ECF No. 19. Therefore, it appears that Petitioner is requesting recusal based on the prior ruling of this Court. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id*.

---

[6] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

Plaintiff has not alleged any other basis or supporting facts in support of the Motion beyond the Court's own rulings.  Her Motion, therefore, is insufficient as a matter of law to establish any basis for recusal; accordingly, the Motion is denied.

## **CONCLUSION**

Therefore, Petitioner's Motion for Reconsideration and for Recusal [19] is **DENIED**. Petitioner's additional Motion [18] is **FOUND as MOOT**.

IT IS SO ORDERED.

                                           s/ Donald C. Coggins, Jr.
                                           United States District Judge

June 3, 2021
Spartanburg, South Carolina